IN THE SUPERIOR COURT OF GUAM

CLELLA M. CHAMPACO,

                Plaintiff,

vs.

VICENTE T. CHAMPACO,

                Defendant.

) DOMESTIC CASE NO. DM0425-08
)
)
)
)
) FINDINGS OF FACT AND
) CONCLUSIONS OF LAW ON
) REMAINING ISSUES
)
)
)
)
)

This matter came before the HONORABLE VERNON P. PEREZ on May 25, 2012. Plaintiff Clella Champaco appeared along with her attorney, Harold Parker. Defendant Vicente Champaco appeared along with his attorney, Joaquin C. Arriola Jr.. As both parties share a common surname they will be referred to herein solely as Plaintiff and Defendant. The Court intends to resolve all remaining issues which it reserved ruling on in its June 22, 2010 Findings of Facts and Conclusions of Law. Having reviewed the pleadings and the arguments presented the Court now issues the following Findings of Fact and Conclusions of Law on Remaining Issues.

## FINDINGS OF FACT

1. All findings of fact are conclusions of law and all conclusions of law are findings of fact.

2. The facts of the case are put forth in the Court's previous Findings of Fact and Conclusions of Law filed June 22, 2010.

## CONCLUSIONS OF LAW

1. The remaining issues in this case are the distribution of the property of the marriage and spousal support.

*Champaco v. Champaco,*
Findings of Fact and Conclusions of Law on Remaining Issues
Domestic Case No. DM0425-08        - Page 1 of 4 -

## 2. **Distribution of Marital Property**

### A. Family Home

As explained in the Court's earlier Findings of Fact and Conclusions of Law, the family home and the land belong to Defendant as his separate property. As a result, the attached mortgage is also his separate property. The Court's finding of adultery in the earlier decision does not affect Defendant's rights to the family home. However, the Plaintiff may claim three years of reimbursement for payments to the mortgage. 36 months of mortgage payments come out to $5,184.00. The Court concludes that Defendant must reimburse for 36 months of payments with community assets to the Guam Housing Corporation Loan. The monthly payments were $288.00 and 36 months of payments comes to $10,372.00. *See* Def. Amen. Ex. List. Plaintiff is only entitled to a community property share of the reimbursement which comes to $5,184.00. The Court acknowledges that the home is appraised to be valued at $190,700.00 as of 2007. Def. Amen. Ex. C.

### B. Vehicles

Previously, the two 1999 Chevrolet vehicles were deemed community property by the Court. They will be divided evenly. The value of each Chevy vehicle is approximately $2,884.00. Def. Amen. Exs. D and E. Therefore, each Party will keep one of the vehicles as their share of the community vehicles. If both vehicles are within the possession of one Party, then that Party shall transfer title or reimburse the other Party $2,884.00.

The new truck is Defendant's separate property as explained in the previous findings. Plaintiff has no interest in the new model truck.

### C. Appliances

All of the household appliances and related items were previously deemed community property by the Court. As a result, each Party will keep the property within its current possession.

### D. Personal Property

All of the personal property and related items were previously deemed community property by the Court. As a result, each Party will keep the property within its current

possession. The Court has reviewed both Parties' valuations of Plaintiff's property listing. All community assets previously sold will be deemed separate property due to the difficulty to ascertain a fair distribution after the sale.

E. Loans

All remaining loans, not related to the families home, which were obtained during the marriage were deemed community property by this Court. Each Party shall pay half of the remaining loans. The following exceptions to the above conclusion apply. The SBA Loan will be assigned to the Defendant as it was used to benefit his separate property.[1] The loan, or any debt, associated with the new truck is Defendant's separate debt and will be distributed as such. The Court will not provide any reimbursement for any loan or other community debt that was paid in full during the marriage.

F. Retirement Benefits

Defendant's retirement pension was obtained in part from three years of service during the marriage and as a result the community maintains a share in the pension. *See* Finding of Fact and Conclusions of Law filed June 22, 2010 at 8. The Court earlier assigned Plaintiff a 3/16 community interest in Defendant's retirement pension from his work with the postal office. The Court continues to have difficulty in ascertaining Defendant's monthly income from his retirement pension. In any event, Defendant must pay to Plaintiff a half share of 3/16 of his monthly income from his military pension. That payment is approximately 10% of his monthly retirement pension.[2]

Any Veterans' Disability benefits are the separate property of Defendant. No distribution or portion therefore will be assigned to Plaintiff related to Defendant Veterans' Disability benefits.

---

[1] The Court makes the distribution of the SBA Loan according to the finding that Defendant committed adultery.

[2] Half of 3/16= 3/32. That is .09375 or approximately 10%.

### G. Bank Accounts

All joint bank accounts or any bank account acquired during the marriage is community property as explained in this Court's earlier findings. All withdrawals made by Plaintiff for medical purposes during the pendency of this case will be deemed her separate property and no reimbursement is owed to Defendant.

Any and all property not specifically or generally disposed of by the above conclusions shall be deemed the separate property of the Party with current possession.

### 4. **Spousal Support**

Plaintiff also seeks an order of spousal support. (See Notice of Motion and Motion for Spousal Support, filed October 20, 2009) A spouse may be entitled to support or maintenance under 19 GCA §§ 8402 and 8405. The Court concludes that due to Plaintiff's medical needs, according to the support she received during the marriage and on account of Defendant's current level of income that Defendant will pay $500.00 a month in spousal support for seven years after final decree of divorce or until Plaintiff remarries.[3]

5. According to all of the above, Defendant shall reimburse Plaintiff a total of $5,184.00 for reimbursement of her community share of expenses used towards Defendant's separate property home. Defendant must also pay Plaintiff approximately 10% of his monthly retirement pension for as long as he receives it. Defendant must additionally pay $500.00 a month in spousal support. Finally, Defendant will be ordered to pay for Plaintiff's attorney's fees and costs associated with bringing the suit.

6. This is a final decree of divorce, the Parties are no longer husband and wife and either can remarry in Guam or anywhere upon issuance of this Decree.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

OCT 1 0 2012
_____ 20

Jacqueline S.C. Terlaje
Deputy Clerk, Superior Court of Guam

So **ORDERED** this 10th day of October, 2012.

Original Signed By:
HON. VERNON P. PEREZ

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

---

[3] The Court would like to recognize that there was great difficulty in ascertaining all relevant values in the assets and debts of the marital community. The Court finds that the following distribution was proper and fair under the circumstances of the case and considering the finding by this Court on June 22, 2010 that Defendant committed adultery.

*Champaco v. Champaco,*
Findings of Fact and Conclusions of Law on Remaining Issues
Domestic Case No. DM0425-08                    - Page 4 of 4 -